```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| HARTFORD FIRE INSURANCE COMPANY | : : : | CIVIL ACTION |
| v. | : : | |
| WENDY ANN LEWIS, et al. | : | NO. 08-1198 |

MEMORANDUM

Bartle, C.J.                                                      January 21, 2009

      Hartford Fire Insurance Company ("Hartford"), as assignee of the rights of Aerogroup International, Inc. ("Aerogroup"), seeks to recover damages from defendants, Wendy Ann Lewis ("Lewis"), KIS Transport Inc. ("KIS Transport"), John Does and XYZ Corporations, in connection with their alleged fraudulent scheme to swindle Aerogroup out of approximately $309,000. Hartford asserts claims in Count I and Count II of the amended complaint under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq., and state law claims in Counts III through VII for fraud, conspiracy to commit fraud, unjust enrichment, conversion, and negligent misrepresentation.

      On October 22, 2008, Lewis filed a third party complaint against the Estate of Samuel Nysenbaum and Brian Nysenbaum, the Estate Administrator, alleging fraud. According to the third party complaint, the fraudulent conduct ascribed to Lewis in the amended complaint was, in fact, all conducted by Nysenbaum without the knowledge or consent of Lewis. Nysenbaum

allegedly used Lewis' name and address to carry out his fraudulent scheme without her knowledge or consent.

Now pending before the court is the motion of Lewis to dismiss the amended complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

I.

The following facts are viewed in the light most favorable to the plaintiff.  In this subrogation action, Hartford seeks to recoup monies it paid to its insured, Aerogroup, pursuant to indemnification obligations of the "CrimeShield policy" it issued to Aerogroup.  Under that policy, Hartford indemnified Aerogroup for the theft of approximately $309,000 by its shipping manager, Samuel Nysenbaum.

According to the amended complaint, Nysenbaum and Lewis established and controlled KIS Transport for the purpose of defrauding Aerogroup.  Pursuant to the fraudulent scheme, Nysenbaum, in his capacity as Aerogroup's shipping manager, falsely represented to Aerogroup that KIS Transport was retained to ship, and did ship, Aerogroup merchandise.  In fact, the merchandise was shipped by various other shipping companies. From September, 2003 through October, 2006, Nysenbaum and/or Lewis presented Aerogroup with bogus invoices from KIS Transport. In response, Aerogroup dutifully paid KIS Transport in excess of $600,000 for such services.  The difference between the amount charged by the shipping companies that, in fact, shipped the

merchandise and the amount purportedly charged by KIS Transport to Aerogroup was retained by Nysenbaum and Lewis. The amended complaint alleges this amounted to approximately $309,000.

Hartford contends that Lewis was a signatory on the KIS Transport bank account, prepared and/or forwarded KIS Transport invoices to Aerogroup setting forth the fraudulent shipping charges, received payments from Aerogroup at her home in Newtown, Pennsylvania, deposited payments into the KIS Transport bank account, and arranged for payments to shipping companies that actually shipped the Aerogroup merchandise.

II.

Lewis has moved to dismiss the amended complaint of Hartford for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The amended complaint, insofar as it alleges RICO (Count I) and fraud (Count III) claims, must comply with the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure. Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004). Pursuant to Rule 9(b), a party alleging fraud must state with particularity the circumstances constituting fraud. The counts of the amended complaint asserting claims for conspiracy to violate RICO (Count II), conspiracy to commit fraud (Count IV), unjust enrichment (Count V), conversion (Count VI), and negligent misrepresentation (Count VII) are measured under the more liberal Rule 8 pleading standard. Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989); Odesser v. Continental Bank, 676 F.

Supp. 1305, 1313 (E.D. Pa. 1987); Alfaro v. E.F. Hutton & Co., Inc., 606 F. Supp. 1100, 1117 (E.D. Pa. 1985).

When deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint, draw all inferences from the facts alleged in the light most favorable to the plaintiff, and "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); Umland v. Planco Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008).  In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), our Supreme Court revisited the standard for deciding motions to dismiss for failure to state a claim upon which relief may be granted.  Most notably, the Court "retired" the standard enunciated by the Court in Conley v. Gibson, 355 U.S. 41, 45-46 (1957) under which a complaint should not be dismissed unless it appears the plaintiff can prove "no set of facts" in support of his claim that would entitle him to relief.  Id.

In Phillips, our Court of Appeals summarized the Supreme Court's "new formulation of the pleading standard" for stating a claim.  515 F.3d at 234.  It requires "'a complaint with enough factual matter (taken as true) to suggest' the required element."  Id. (citing Twombly, 127 S. Ct. at 1965).  This "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."  Id.  Our Court of Appeals has "cautioned that the

-4-

factual allegations in the complaint must not be 'so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8.'" Umland, 542 F.3d at 64 (citing Phillips, 515 F.3d at 233).  Furthermore, it is "no longer sufficient to allege mere elements of a cause of action; instead a 'complaint must allege facts suggestive of [the proscribed] conduct.'"  Phillips, 515 F.3d at 233.

### III.

We begin with Lewis' argument that Hartford's RICO claim in Count I should be dismissed for failure to state a claim.  Lewis contends that Hartford has failed to allege facts indicating that Lewis participated in the operation or management of the enterprise.

Pursuant to 18 U.S.C. § 1964(c), any person "injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court[.]"  Section 1962 contains four separate subsections addressing four distinct RICO violations.  The first count of the amended complaint, entitled "Violation of Racketeer Influenced and Corrupt Organizations Act," asserts a violation of § 1962 but fails to pinpoint the specific subsection allegedly violated.  We infer from the allegations of the amended complaint, which allege that Lewis "conducted" and "participated" in the affairs of KIS Transport, that Hartford pleads a violation of subsection (c).  See Am. Compl. ¶ 33.

Pursuant to 18 U.S.C. § 1962(c), it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."  To establish a violation of subsection (c), a plaintiff must prove the following four elements:  "(1) the existence of an enterprise affecting interstate commerce; (2) that the defendant was employed by or associated with the enterprise; (3) that the defendant participated, either directly or indirectly, in the conduct or the affairs of the enterprise; and (4) that he or she participated through a pattern of racketeering activity." United States v. Urban, 404 F.3d 754, 769 (3d Cir. 2005) (citing United States v. Irizarry, 341 F.3d 273, 285 (3d Cir. 2003)); Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162 (3d Cir. 1989).

Lewis does not contest the sufficiency of the amended complaint with respect to elements (1), (2) or (4) of the above test.  She focuses solely on the "participation" aspect of element (3).  She argues that Hartford has failed to allege facts that she participated, either directly or indirectly, in the conduct or affairs of the alleged enterprise, namely, KIS Transport.

In Reves v. Ernst & Young, our Supreme Court endorsed the "operation or management" test as the standard to determine whether a defendant has participated, directly or indirectly, in

the conduct or affairs of the enterprise.  507 U.S. 170, 177 (1993).  The Court held that "'to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs,' § 1962(c), one must participate in the operation or management of the enterprise itself."  Id. at 185.  Under this standard, a defendant "must have some part in directing" the affairs of the enterprise in order to be liable.  Id. at 179.  However, the defendant need not "hold a formal position within an enterprise in order to 'participate' in its affairs."  Urban, 404 F.3d at 769.  Furthermore, liability is not limited "to upper management" and can extend to "lower-rung participants in the enterprise who are under the direction of upper management."  Id.

Applying this standard, our Court of Appeals, in Univ. of Maryland at Baltimore v. Peat, Marwick, Main & Co., 996 F.2d 1534, 1535 (3d Cir. 1993), affirmed the dismissal of a RICO claim for failure to state a claim because the plaintiff did not plead that the defendant, an independent auditor that issued false and misleading financial statements, had any part in operating or managing the affairs of the alleged enterprise.  The court held that the plaintiff failed to plead adequately the defendant's participation in the "operation or management" of the enterprise, despite the plaintiff's allegations that (1) the defendant performed deficient audits and issued false financial opinions for the enterprise, (2) the defendant's personnel attended board of directors' meetings, and (3) the defendant performed services

related to the computerization of certain accounting functions. Id. at 1539.

In contrast, in Freedom Med. Inc. v. Gillespie, No. 06-3195, 2007 WL 2480056 (E.D. Pa. Aug. 29, 2007), the court concluded that the plaintiff had sufficiently pleaded the "operation or management" element of a § 1962(c) violation where it alleged that the defendant prepared false invoices for the alleged enterprise under a fictitious name as part of a scheme to defraud a medical equipment company. See also United Nat'l Ins. Co. v. Equip. Ins. Managers, No. 95-2892, 1995 WL 631709 (E.D. Pa. Oct. 27, 1995); Strayer v. Bare, No. 06-2068, 2008 WL 1924092 (M.D. Pa. April 28, 2008). Unlike the situation in Univ. of Maryland, the defendant was more than an independent contractor performing services. 996 F.2d at 1535.

The amended complaint here contains the requisite "nexus" between the conduct and activities of Lewis and the overall affairs of the alleged enterprise, KIS Transport, to survive a motion to dismiss. Id. at 1539. It states that Lewis, as an organizer of the alleged enterprise, KIS Transport, participated in its operation or management. It further alleges that Lewis established a bank account for KIS Transport, prepared and/or forwarded KIS invoices to Aerogroup representing that KIS Transport was shipping Aerogroup merchandise, received payments on behalf of KIS Transport from Aerogroup, deposited payments into a KIS Transport bank account and arranged for payments to shipping companies that actually shipped the Aerogroup

merchandise.  See Am. Compl. ¶ 34.  The amended complaint further alleges that Lewis was a signatory on the KIS Transport bank account.  See Am. Compl. ¶ 24.  We find that these allegations, if true, demonstrate that Lewis participated in the operation or management of KIS Transport and, at least, raise a reasonable expectation that discovery will reveal evidence of her participation in the operation and management of KIS Transport.  Accordingly, we will deny the motion of Lewis to dismiss Count I of the amended complaint.

Count II of the amended complaint is brought pursuant to 18 U.S.C. § 1962(d), which makes it unlawful "for any person to conspire to violate any of the provisions of subsections (a), (b), or (c)" of that section.  Hartford contends that Lewis conspired with Nysenbaum to violate provisions § 1962(a) through (c).  See Am. Compl. ¶ 42.  Specifically, the amended complaint states that Lewis and Nysenbaum operated KIS Transport in order to defraud Aerogroup and committed overt acts, both individually and as agents of KIS Transport, in furtherance of the common purpose.  See Am. Compl. ¶¶ 43, 44.

Lewis claims that Count II cannot survive because it is predicated on an alleged conspiracy between Lewis and Nysenbaum, co-employees or officers or agents of KIS Transport.  She contends that agents of a single enterprise cannot conspire among themselves.

As we recognized in Castle v. Crouse, M.D., No. 03-5252, No. 2004 WL 257389 (E.D. Pa. Feb. 11, 2004), there is a

disagreement as to whether there can be an intracorporate conspiracy under 18 U.S.C. § 1962(d).  However, we agree with that line of cases holding that employees of a single enterprise, while acting in the course and scope of their employment, cannot conspire among themselves.  Id. at *6; United Nat'l, 1995 WL 631709 at *6; Dist. 1199P Health and Welfare Plan v. Janssen, L.P., No. 06-3044, 2008 WL 5413105 (D.N.J. Dec. 23, 2008).  In any event, an exception to this rule exists where the "plaintiffs allege in good faith that the employees acted solely in their own interest and not for their employer." Hughes v. Tech. Licensing Consultants, Inc., 815 F. Supp. 847, 851 (W.D. Pa. 1992).

Hartford asserts this exception applies because the amended complaint sets forth allegations indicating Lewis was acting solely in her own interest while working for KIS Transport.  Specifically, Hartford points to allegations in the amended complaint stating that Lewis formed and operated KIS Transport with Nysenbaum for the purpose of defrauding Aerogroup and received income from their pattern of racketeering activity. Hartford claims that Lewis could not have been acting within the course and scope of her employment with KIS Transport when she operated it for the purpose of defrauding Aerogroup.  According to Hartford, engaging in fraud does not fall within the course and scope of anyone's lawful employment.  We note that Paragraph 43 of Count II states that Lewis and Nysenbaum were acting "individually and as agents of KIS" when they committed overt

Case 2:08-cv-01198-HB   Document 40   Filed 01/26/09   Page 11 of 17


acts in furtherance of the common purpose of the conspiracy. See Am. Compl. ¶ 44.

Given that we must accept as true all factual allegations in the amended complaint, draw all inferences from the facts alleged in the light most favorable to Hartford, and determine whether, under any reasonable reading of the amended complaint, it may be entitled to relief, we find that Hartford has pleaded that Lewis was acting in her own self-interest. The amended complaint specifically alleges that Lewis was acting individually, which we interpret to mean for her own personal benefit. Lewis also allegedly retained a portion of the money remitted to KIS Transport, which she helped form for the purpose of defrauding Aerogroup. Thus, the exception to the intracorporate conspiracy doctrine applies and, accordingly, we will deny the motion of Lewis to dismiss Count II of the amended complaint.

With respect to Count III for fraud, Lewis argues that the amended complaint does not meet the pleading standards of Rule 9(b) in that it fails to identify the false representations allegedly made by Lewis, to whom such representations were made, and when such representations were made.

To meet the requirements of Rule 9(b), Hartford must have either pleaded the "'date, place or time' of the fraud," or used "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." Lum, 361 F.3d at 223-24. Lewis correctly points out that Hartford must

acts in furtherance of the common purpose of the conspiracy. See Am. Compl. ¶ 44.

Given that we must accept as true all factual allegations in the amended complaint, draw all inferences from the facts alleged in the light most favorable to Hartford, and determine whether, under any reasonable reading of the amended complaint, it may be entitled to relief, we find that Hartford has pleaded that Lewis was acting in her own self-interest. The amended complaint specifically alleges that Lewis was acting individually, which we interpret to mean for her own personal benefit. Lewis also allegedly retained a portion of the money remitted to KIS Transport, which she helped form for the purpose of defrauding Aerogroup. Thus, the exception to the intracorporate conspiracy doctrine applies and, accordingly, we will deny the motion of Lewis to dismiss Count II of the amended complaint.

With respect to Count III for fraud, Lewis argues that the amended complaint does not meet the pleading standards of Rule 9(b) in that it fails to identify the false representations allegedly made by Lewis, to whom such representations were made, and when such representations were made.

To meet the requirements of Rule 9(b), Hartford must have either pleaded the "'date, place or time' of the fraud," or used "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." Lum, 361 F.3d at 223-24. Lewis correctly points out that Hartford must

also have alleged "who made a misrepresentation to whom and the general content of the misrepresentation."  Id.  Hartford has met this standard.  Paragraph 51 states:

> On numerous occasions from September 2003 through October 2006, Nysenbaum and Lewis falsely represented to Aerogroup that KIS was a company charged with shipping Aerogroup's merchandise rather than an entity operated and controlled by Nysenbaum and Lewis for their own personal gain.

This paragraph identifies:  (1) the time period - September, 2003 through October, 2006; (2) who made the representation - Lewis; (3) to whom the representation was made - Aerogroup; and (4) the substance of the false representation - that KIS was charged with shipping Aerogroup merchandise.  The amended complaint further identifies the manner in which the representations were made, namely, via fake invoices setting forth KIS Transport's alleged shipping charges.  Our Court of Appeals has explained that the purpose of Rule 9(b)'s particularity requirements is to "place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior."  Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984).  The allegations of the amended complaint put Lewis on notice of the precise misconduct with which she is charged.  Furthermore, Lewis fails to identify what additional information is necessary to meet the particularity requirements of Rule 9(b).  Accordingly, we will deny the motion of Lewis to dismiss Count III for fraud.

Lewis moves to dismiss Count IV for conspiracy to commit fraud based on the intracorporate conspiracy doctrine. As noted above, we find that the amended complaint pleads facts indicating that the exception to the intracorporate conspiracy doctrine applies. Accordingly, we will deny the motion of Lewis to dismiss Count IV.

Lewis contends that Count V for unjust enrichment fails to state a claim under Pennsylvania law and should be dismissed because the amended complaint fails to allege that Lewis accepted, retained or realized any benefit from Aerogroup. To state a claim for unjust enrichment under Pennsylvania law, a claimant must allege that: (1) he or she conferred benefits upon the defendant; (2) the defendant realized those benefits; and (3) the defendant retained those benefits under circumstances in which it would inequitable to do so without payment of value in return. Bunnion v. Consol. Rail Corp., 108 F. Supp. 2d 403, 427 (E.D. Pa. 1999), aff'd, 230 F.3d 1348 (3d Cir. 2000).

Numerous allegations in the amended complaint assert that Lewis retained a portion of the money that Aerogroup paid to KIS Transport and, thus, realized benefits from it. In fact, paragraph 74 of this Count specifically states: "Nysenbaum and Lewis retained the difference between the amount paid by Aerogroup to KIS and/or other entities controlled by Nysenbaum and/or Lewis and the amounts that shipping companies charged to ship Aerogroup merchandise." Am. Compl. ¶ 74. The fact that the checks were made payable to KIS Transport and deposited into the

-13-

KIS Transport account, on which Lewis was a signatory, does not change the fact that Lewis ultimately retained the funds. Accordingly, we will deny the motion of Lewis to dismiss Count V of the amended complaint.

Count VI for conversion should be dismissed, according to Lewis, because it fails to show that Lewis, as opposed to KIS Transport, deprived Aerogroup of its chattel. According to Lewis' reasoning, Aerogroup made the allegedly fraudulent payments to KIS Transport – not Lewis – thereby, insulating Lewis from liability. Under Pennsylvania law, conversion "is the deprivation of another's right of property, or use or possession of chattel, or other interference, therewith without the owner's consent and without legal justification." The Prudential Ins. Co. of Am. v. Stella, 994 F. Supp. 318, 323 (E.D. Pa. 1998); Eisenhauer v. Clock Towers Assocs., 582 A.2d 33, 36 (Pa. Super. 1990). A person may commit conversion by "(1) acquiring possession of the chattel with the intent to assert a right to it which is adverse to the owner; (2) transferring the chattel and thereby depriving the owner of control; (3) unreasonably withholding possession of the chattel from one who has the right to it; and (4) misusing or seriously damaging the chattel in defiance of the owner's rights." Prudential, 994 F. Supp. at 323. Money may be the subject of a conversion. Pittsburgh Constr. Co. v. Griffith, 834 A.2d 572, 581 (Pa. Super. 2003).

Hartford has stated a claim for conversion. The amended complaint alleges that Lewis was part of a fraudulent

scheme by which she, along with Nysenbaum, deprived Aerogroup of its money.  Specifically, Hartford asserts that Lewis and Nysenbaum formed KIS Transport, represented to Aerogroup that KIS Transport performed shipping services, sent fraudulent invoices to Aerogroup from KIS Transport, and collected payment from Aerogroup.  Lewis' argument that the amended complaint fails to allege that she had actual or constructive possession of Aerogroup's funds is belied by paragraph 27 of the amended complaint, which specifically states that Lewis, along with Nysenbaum, retained at least $309,000 of the monies paid by Aerogroup to KIS Transport.  Am. Compl. ¶ 27.  Furthermore, the amended complaint alleges that Aerogroup forwarded its money to Lewis' home address and Lewis was a signatory on the KIS Transport bank account.  Am. Compl. ¶¶ 22, 27.  Accordingly, we will deny the motion of Lewis to dismiss Count VI of the amended complaint.

Finally, Lewis moves to dismiss the claim for negligent misrepresentation in Count VII of the amended complaint on the same basis that she moved to dismiss Count III for fraud.  For the reasons discussed above with respect to the fraud count, we will deny the motion of Lewis in this regard.

<div align="center">IV.</div>

In sum, Hartford Fire Insurance Company has stated a claim for relief with respect to all counts of its amended complaint.  Accordingly, we will deny the motion of defendant,

Wendy Ann Lewis, to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HARTFORD FIRE INSURANCE         :    CIVIL ACTION
COMPANY                         :
                                :
          v.                    :
                                :
WENDY ANN LEWIS, et al.         :    NO. 08-1198
```

ORDER

AND NOW, this 21st day of January, 2009, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1) the motion of Wendy Ann Lewis to dismiss the amended complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is DENIED; and

(2) the cross-motion of Hartford Fire Insurance Company for leave to file and serve a second amended complaint is DENIED as moot.

                              BY THE COURT:


                              /s/ Harvey Bartle III
                                                    C.J.